## Lake Erie & Western Railroad Co. v. R. F. Norris.

1. RAILROADS—*Speed of Trains—Negligence.*—It is negligence to run a train within the limits of an incorporated town at a greater rate of speed than allowed by the ordinances.

2. SAME—*Care to Avoid Striking Domestic Animals on the Track.*— The servants of a railroad company are required by law to observe due care to avoid striking domestic animals after discovering them upon the track.

**Trespass on the Case,** for killing domestic animals. Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the November term, 1894. Affirmed. Opinion filed June 3, 1895.

### STATEMENT OF THE CASE.

Case by appellee for killing his cow on Market street, Bloomington, Illinois. Negligence alleged: (1) Failure to ring the bell or sound the whistle as required by the statute. (2) Failure of engineer to use ordinary care to avoid injuring the cow after he knew that she was upon the track. (3) Running the train at greater speed than the city ordinance allowed. Trial by jury. Verdict for appellee for $40 and appeal to this court.

A. E. DeMANGE, attorney for appellant.

HENRY S. DOOLEY, counsel for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The evidence was conflicting upon each alleged ground of negligence, so much so that we are not warranted in disagreeing with the jury as to the conclusions proper to be drawn from it.

The boundary line of the city is the center of Market street. The cow was struck north of the center of the street and within the city. The ordinance of the city limiting the speed of railway trains to ten miles per hour was properly admitted in evidence. It had not extra territorial force. Outside the city limits a train might be

moved at any rate of speed without violating it, but such speed, if it exceeded ten miles per hour, could not lawfully be continued within the city. It was incumbent upon the appellant company to move its trains within the city in compliance with the ordinance, and as the motion of a train can not be suddenly checked, this duty may have involved the necessity of regulating its speed when approaching the city in order that it might enter the territory of the city at a lawful rate.

There was evidence tending to show that the engineer might, by the exercise of ordinary care, have avoided striking the animal. It was therefore not error for the court to modify, to that effect, the instruction asked by the appellant in which the court was asked to charge the jury that the plaintiff could not recover if the train was running at a lawful rate of speed and the fireman rang the bell as required by the statute. The first of appellant's refused instructions advised the jury that the ordinance did not limit the speed of trains outside the city limits. This principle was clearly stated in other given instructions and it was not error to refuse to reiterate it. The other instruction requested by appellant and refused, asked the court to direct the jury to find for the defendant if it appeared from the proof that the engineer and fireman complied with the ordinances of the city regulating the speed of the train and prohibiting the blowing of the whistle at the place in question. This instruction left out of consideration the fact that liability might be predicated upon the failure of the servants of the company to ring the bell (if the whistle was not sounded) and to observe due care to avoid striking the cow after discovering her upon the crossing, and for this reason it was properly refused.

Whether the appellee exercised due care in the management of the animal was a question of fact which was submitted to the jury upon conflicting evidence and under proper instructions from the court. The record seems free from error of reversible character.

The judgment is affirmed.